IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBBIE BARNEY | ) | CASE NO: |
| 4462 Hickory Wood Drive | ) | |
| Columbus, Ohio, 43228 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | <u>COMPLAINT FOR DAMAGES</u> |
| | ) | |
| WEBB ENTERTAINMENT, LLC | ) | <u>(Jury Demand Endorsed)</u> |
| d.b.a Wayne Webb's Columbus Bowl | ) | |
| c/o Statutory Agent, Michael Irwin | ) | |
| 9616 Bridlewood Trail | ) | |
| Washington Township, Ohio, 45458 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| WAYNE WEBB | ) | |
| 1295 Great Hunter Ct. | ) | |
| Grove City, Ohio, 43123 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| ELAINE WEBB | ) | |
| 1295 Great Hunter Ct. | ) | |
| Grove City, Ohio, 43123 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Debbie Barney, by and through undersigned counsel, as her Complaint against

Defendants, state and avers the following:

## **PARTIES**

1.   Barney is a resident of the city of Columbus, county of Franklin, state of Ohio.

2.   Webb Entertainment, LLC is a domestic limited liability corporation which maintains its

   principal place of business in Columbus, Ohio.

3.   Wayne Webb is, and, at all times hereinafter mentioned, was a supervisor, owner, and/or

   principal of Webb Entertainment, who acted directly or indirectly in the interest of Webb

   Entertainment.

4.    At all times relevant herein, Wayne Webb supervised and/or controlled Barney' employment with Webb Entertainment.

5.    At all times relevant herein, Wayne Webb acted directly or indirectly in the interest of Webb Entertainment in relation to its employees.

6.    At all times referenced herein, Wayne Webb supervised and/or controlled employment of Barney and acted directly or indirectly in the interest of Webb Entertainment in relation to Webb Entertainment's employees, including controlling its day to day operations and respective compensation practices; therefore, Wayne Webb is an employer within the meaning of Ohio R.C. § 4112.01(A)(3); Article II, Section 34a of the Ohio Constitution; the Ohio Minimum Fair Wages Standards Act ("OMFWSA"); and the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. 203(d).

7.    Elaine Webb is, and, at all times hereinafter mentioned, was a supervisor and or general manager for Webb Entertainment, who acted directly or indirectly in the interest of Webb Entertainment.

8.    At all times relevant herein, Elaine Webb supervised and/or controlled Barney' employment with Webb Entertainment.

9.    At all times relevant herein, Elaine Webb acted directly or indirectly in the interest of Webb Entertainment in relation to its employees.

10.   At all times referenced herein, Eliane Webb supervised and/or controlled employment of Barney and acted directly or indirectly in the interest of Webb Entertainment in relation to Webb Entertainment's employees, including controlling its day to day operations and respective compensation practices; therefore, Eliane Webb is an employer within the meaning of Ohio R.C. § 4112.01(A)(3); Article II, Section 34a of the Ohio Constitution; the Ohio Minimum Fair Wages Standards Act ("OMFWSA"); and the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. 203(d).

## PERSONAL JURISDICTION

11. Defendants hire citizens of the state of Ohio, contracts with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

12. Barney worked in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired and terminated in this district.

13. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

15. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Barney' state law claims because those claims derive from a common nucleus of operative facts.

16. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## FLSA COVERAGE

17. At all times referenced herein, Webb Entertainment formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

18. At all times material to the Complaint, Barney directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in their work, namely by regularly and recurrently ordering and purchasing materials, equipment, and supplies as directed by Defendants for Webb Entertainment from vendors located inside of and outside of Ohio.

19. At all times referenced herein, Defendants were employers within the meaning of the FLSA and the OMFWSA.

## FACTS

20. Webb Entertainment owns and runs a bowling alley known as 'Wayne Webb's Columbus Bowl" located at 3224 S. High Street, Columbus, OH 43207.

21. Barney is a former employee of Defendants.

22. Barney was first hired by Defendants to work for Webb Entertainment as a Desk Attendant in or around August of 2011.

23. At the time Barney was hired, she was 49 years old.

24. In or around July of 2013, Defendants promoted Barney to the position of Assistant Manager.

25. Barney was paid a salary of $600.00 per week as an Assistant Manager.

26. Barney's salary was intended to cover 40 hours of work per week.

27. Despite having the term "manager" in her job title, Barney could not hire employees.

28. Barney never hired any employees for Webb Entertainment.

29. Despite having the term "manager" in her job title, Barney could not fire employees.

30. Barney never independently fired any Webb Entertainment employees, but was occasionally tasked with notifying employees that Wayne Webb and/or Elaine Webb had decided to terminate them.

31. Wayne Webb and Elaine Webb made all hiring and firing decisions.

32. Barney had little to no input on hiring and firing decisions.

4

33. As an assistant manager, Barney performed the same duties she did as a Desk Attendant, with the added responsibilities of overseeing employees and ordering supplies and materials as directed.

34. Barney continued to work at the front desk as an assistant manager.

35. Barney did not have an office.

36. Barney's primary job duties were not directly related to the management or general business operations of Webb Entertainment.

37. Barney could not and did not exercise of discretion and independent judgment with respect to matters of significance as an Assistant Manager.

38. As an Assistant Manager, Barney was non-exempt from the minimum wage and overtime requirements of the FLSA.

39. Despite being non-exempt, Barney was not paid overtime at a rate of one and one-half her regular rate of pay when she worked greater than 40 hours per week.

40. Barney was not paid any wages at all for the hours she worked in excess of 40 per week.

41. At all times referenced herein, Barney would report her time worked on a time-punch machine, which would generate a receipt.

42. Barney would submit her receipts to Defendants.

43. Throughout her employment with Defendants, Defendant lost and/or destroyed several of Barney's time slips.

44. For example, during the week of September 2, 2019, Barney worked 42.28 hours, but was not paid overtime or any wages at all for the 2.28 hours of overtime she worked.

45. As another example, during the week of June 10, 2019, Barney worked 42.55 hours, but was not paid overtime or any wages at all for the 2.55 hours of overtime she worked.

46. Barney is not in possession of a majority of her time records at this time but avers that she worked several other weeks during the three-year period immediately preceding the filing of

this action in which she worked greater than 40 hours in a given week and was not paid overtime.

47. In or around late September or early October of 2019, Wayne Webb hired a 22-year-old female to work as a Desk Attendant, "Tori."

48. Unbeknownst to Barney at the time, Tori was intended to replace her.

49. On or about October 3, 2019, Barney worked until approximately midnight.

50. At the end of Barney's October 3, 2019 shift, she placed some bowling league money into a safe maintained by Webb Entertainment ("League Money").

51. All front desk employees, Wayne Webb, and Elaine Webb had access to the safe and regularly placed League Money into it.

52. Barney was off from work on October 4th and 5th, 2019.

53. Barney worked again on October 6, 2019 but became ill during her shift.

54. Barney was off from work between October 7 and October 11, 2019 due to being sick with the flu.

55. Subsequently, Barney worked on October 13th and 14th, 2019 without incident.

56. On October 15, 2019, Wayne Webb called Barney to his office and terminated her employment.

57. Barney was 57 years old at the time she was terminated.

58. As justification for terminating Barney, Webb accused Barney of stealing the League Money.

59. Barney did not steal the League Money.

60. Barney did not lose the League Money.

61. Barney had placed the League Money in Webb Entertainment's safe on October 3, 2019.

62. Barney denied Wayne Webb's allegations.

63. Barney told Wayne Webb that she deposited the League Money into the safe.

64. Wayne Webb disregarded and ignored Barney's denials.

65. Upon information and belief, the League Money was not missing, and Wayne Webb had fabricated his allegations against Barney simply to justify terminating her employment.

66. Alternatively, Defendants failed to conduct an investigation or to contact the police regarding missing League Money before summarily accusing Barney of theft.

67. Upon information and belief, Elaine Webb participated in the decision to terminate Barney.

68. Defendants could not and did not have a reasonable belief that Barney had actually taken the League Money.

69. Defendants' purported justification for terminating Barney was a pretext for discrimination on the basis of Barney's age.

70. Defendants terminated Barney because of her age.

71. Upon terminating Barney, Defendants promoted Tori to the Assistant Manager position.

72. Tori is substantially younger than Barney.

73. Tori is more than 10 years younger than Barney.

74. Tori is more than 20 years younger than Barney.

75. Tori is more than 30 years younger than Barney.

76. At all times during Barney's employment, she was paid biweekly on Fridays.

77. Barney worked several shifts during the time period between her last paycheck and her eventual termination.

78. Barney should have received a final paycheck subsequent to her termination for the last shifts she worked, but Defendants failed and refused to pay her.

79. Upon information and belief, Defendants withheld Barney's wages as part of an effort to recover the League Money.

## COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA
## (29 U.S.C. § 206).
## (Asserted Against All Defendants).

80. Barney restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

81. At all times relevant to this Complaint, the Defendants were, have been, and continue to be "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

82. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

83. Defendants failed to pay Barney a regular rate that met or exceeded the statutory minimum wage for the time period between Barney's last paycheck and her termination date.

84. Defendants willfully failed and refused to pay Barney the federal minimum wages required by the FLSA during her last two weeks of employment, causing Barney to suffer damages in amounts to be proven at trial.

85. Defendants either recklessly failed to investigate whether their failure to pay Barney at least a minimum wage for all of the hours she worked during the relevant time period violated the Federal Wage Laws of the United States and/or Defendants concocted a scheme pursuant to which they deprived Barney the minimum wage pay she earned.

86. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

87. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

88. Barney requests recovery of attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

## COUNT II: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
### (29 U.S.C. § 207).
### (Asserted Against All Defendants).

89. Barney restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

90. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

91. Barney was not exempt from the right to receive overtime pay under the FLSA during her employment with Defendants.

92. Barney is entitled to be paid overtime compensation for all overtime hours she worked for Defendants.

93. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of 40 hours per week.

94. Defendants have failed to make, keep, and preserve records with respect to Lewis, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

95. As a result of Defendants' failure to properly compensate their employees, including Barney, at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

96. Barney is entitled to damages in the amount of her unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including her attorneys' fees and costs.

97. At all times relevant to this action, Defendants willfully failed and refused to pay Barney

overtime wages required by the FLSA, causing Barney to suffer damage in amounts to be proven at trial.

98. Defendants either recklessly failed to investigate whether their failure to pay Barney an overtime wage for the hours she worked in excess of 40 per week during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Barney to believe that Defendants were not required to pay her overtime wages, and/or Defendants concocted a scheme pursuant to which they deprived Barney the overtime pay she earned.

99. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

100. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

101. Barney requests recovery of her attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

## COUNT III: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, *et seq*, BASED ON FAILURE TO PAY MINIMUM WAGE. (Asserted Against All Defendants).

102. Barney restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

103. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

104. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

105. Barney was an employee of Defendants as that term is defined by the OMFWSA.

106. In 2019, the OMFWSA required employers to pay a minimum wage of at least $8.30 per hour to all non-exempt employees.

107. Barney worked several shifts between her last pay day and her eventual termination and was paid zero in wages for these hours of compensable work.

108. In denying Barney compensation at the requisite Ohio minimum wage rate, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

109. Defendants have failed to make, keep, and preserve records with respect to Barney, sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the OMFWSA, R.C. § 4111.08, *et seq.*

110. As a direct and proximate result of Defendant's unlawful conduct, Barney has suffered and will continue to suffer a loss of income and other damages.

111. Having violated the OMFWSA, Defendants are joint and severally liable to Barney pursuant to O.R.C. § 4111.10 for the full amount of her unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Barney for an amount equal to twice her unpaid wages. O.R.C. § 4111.14(J).

## COUNT IV:  VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME. (Asserted Against All Defendants).

112. Barney restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

113. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the OMFWSA.

114. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

115. Barney was an employee of Defendants as that term is defined by the OMFWSA.

116. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

117. Defendants failed to pay Barney overtime for hours she worked in excess of 40 per week.

11

118. In denying Barney overtime compensation, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

119. As a direct and proximate result of Defendant's unlawful conduct, Barney has suffered and will continue to suffer a loss of income and other damages.

120. Having violated the OMFWSA, Defendants are joint and severally liable to Barney pursuant to O.R.C. § 4111.10 for the full amount of her unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Barney for an amount equal to twice her unpaid wages. O.R.C. § 4111.14(J).

## COUNT V: FAILURE TO MAKE SEMIMONTHLY WAGE PAYMENTS IN VIOLATION OF R.C. §4113.15.
### (Asserted Against Defendant Webb Entertainment, LLC Only).

121. Barney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

122. Pursuant to R.C. §4113;15(A), "Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

123. Webb Entertainment GastroPub, LLC refused to pay Barney wages she earned during her final two weeks of employment..

124. Webb Entertainment GastroPub, LLC's conduct violated R.C. §4113.15.

125. As a direct and proximate result of Webb Entertainment GastroPub, LLC's conduct, pursuant to R.C. §4113.15(B), Webb Entertainment GastroPub, LLC is liable to Barney for her unpaid wages, and an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed, or two hundred dollars, whichever is greater.

## COUNT VI: AGE DISCRIMINATION IN VIOLATION OF O.R.C. § 4112.02.

126. Barney restates each and every prior paragraph of this complaint, as if it were fully restated herein.

127. In 2019, Barney, at age 57, was a member of a statutorily-protected class under Ohio Revised Code § 4112.02.

128. As of October of 2019, Barney was fully qualified to perform the essential job functions of the Assistant Manager position.

129. Defendants terminated Barney on October 15, 2019, because of her age.

130. Defendants replaced Barney with a significantly younger, less experienced, and qless ualified employee.

131. In the alternative, Barney's discharge allowed Defendants to retain a substantially younger employee.

132. Defendants' decision to terminate Barney was based on an illegitimate discriminatory reason that was totally unrelated to her experience, credentials, qualifications, or performance.

133. Defendants violated Ohio Revised Code § 4112.02 by terminating Barney on the basis of her age.

134. As a direct and proximate cause of Defendants' conduct, Barney suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Debbie Barney requests judgment against all Defendants and for an Order:

a. Awarding Plaintiff unpaid minimum wages and overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff in an amount to be determined at trial;

13

c.  Awarding Plaintiff compensatory and monetary damages against Defendants to compensate Plaintiff for lost wages, unpaid wages, other consequential damages, and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

d.  Awarding Plaintiff damages for the mental anguish and distress caused by Defendants' unlawful conduct as described in Count VI;

e.  Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq.;

f.  Issuing a declaratory judgment that Defendants violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a), and the OMWFSA, R.C. § 4111.08;

g.  Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

h.  Awarding pre-judgment and post-judgment interest as provided by law;

i.  Awarding reasonable attorneys' fees and costs; and

j.  Awarding such other and further relief that this Court deems appropriate.


Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com


*Attorneys for Plaintiff Debbie Barney*

## **JURY DEMAND**

Plaintiff Debbie Barney demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*      
Chris P. Wido (0090441)
